DE BYLE'S, INC., a domestic corporation, Plaintiff,

v.

FARAH MANUFACTURING COMPANY, INC., a foreign corporation, et al., Defendants.

Civ.A. No. 75–C–377.

United States District Court, D. Wisconsin.

March 18, 1980.

---

9. Rule 26(b)(1), Fed.R.Civ.P.

William E. Glassner, Jr., F. Thomas Olson, Howard A. Pollack, and Arthur J. Harrington, Milwaukee, Wis. and William A. Melby, Rhinelander, Wis., for plaintiff.

Steven E. Keane and Robert L. Binder, Milwaukee, Wis. and James M. Kefauver, Washington, D. C., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

On February 21, 1980, counsel for defendants in this action wrote in a letter to the court that defendants will be calling Mr. John Gilfeather at trial as an expert witness to rebut the testimony of plaintiff's marketing expert, and offered to make Mr. Gilfeather available to plaintiff for a deposition. Plaintiff has objected to defendants' being permitted to call Mr. Gilfeather. For the reasons set forth below, he will not be permitted to testify at trial.

On October 25, 1978, an order was entered in this action providing in part that:

"4. On or before December 1, 1978, the parties exchange the names of their expert witnesses, if any, * * *."

A pretrial conference was also scheduled for March 1979, and subsequently the case was scheduled for trial in the fall of 1979. The trial date was cancelled due to a conflict on the court's calendar. On January 10, 1980, a notice of trial for April 14, 1980, and of a final pretrial conference for March 11, 1980, was mailed to the parties.

Defendants contend that they could not have anticipated prior to his deposition the type of testimony which plaintiff's marketing expert would give and, therefore, that they should be permitted to call Mr. Gilfeather at trial. Also defendants contend that the October 25, 1978, order requiring the parties to designate their experts could not have been intended to include rebuttal experts. The order, however, requires the parties to name their expert witnesses, provides a cutoff date for the completion of all depositions, and makes no provision for the naming of additional experts after the depositions are completed. Furthermore, since that order was entered and defendants completed the deposition of plaintiff's marketing expert, defendants have had ample opportunity to move for relief from the October 25, 1978, order. They have never done so. Were the court to permit defendants at this late date to designate a new expert witness, it would in fairness also be required to cancel the scheduled trial date to allow plaintiff time to depose defendants' new expert and also perhaps to obtain additional expert testimony. Defendants' "notification" to the court of the name of their new expert, is in improper form and in flagrant violation of the October 25, 1978, scheduling order. Consequently, defendants will not be permitted to call Mr. John Gilfeather as a witness at trial.

IT IS THEREFORE ORDERED that the defendants will not be permitted to call Mr. John Gilfeather as an expert witness at the trial of this action presently scheduled for April 14, 1980.